IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TOMMY MAY,

          Petitioner,

     v.                          CASE NO. 13-3162-SAC

STATE OF KANSAS,
et al.,        Respondents.

### O R D E R

On October 15, 2013, the court found that this application for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 was second and successive as well as time-barred and dismissed this action for lack of jurisdiction. This matter is before the court upon petitioner's "Motion to Alter Findings of Fact pursuant to Rule 52(b)"[1] (Doc. 9) of the Federal Rules of Civil Procedure and Amended Motion to Alter Findings (Doc. 10). Petitioner seeks to overturn this court's dismissal and findings that the petition filed in this case was time-barred[2] and successive. The court finds that no valid grounds for relief from judgment are presented and denies the motion.

---

[1] Rule 52(b) provides:

On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. . . .

[2] Petitioner also claims that this court's time-bar ruling in his 2009 federal habeas case was erroneous. The court discusses this claim even though it was not brought in a timely post-judgment motion or raised on appeal in the 2009 case.

1

**LEGAL STANDARDS**

Mr. May timely filed his Rule 52(b) motion within 28 days of the judgment entered herein. Generally, Rule 52(b) applies to findings of fact and conclusions of law entered after a non-jury trial. In this case, the court did not enter specific findings of fact or conclusions of law pursuant to Rule 52(a), and this motion might be more properly considered as one under Rule 59(e). However, the result would be the same under either Rule.

"A motion made pursuant to Rule 52(b) will only be granted when the moving party can show either manifest errors of law or fact, or newly discovered evidence; it is not an opportunity for parties to relitigate old issues or to advance new theories." *Myers v. Dolgencorp, Inc.*, 2006 WL 839458, *1 (D.Kan. 2006)(citing 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2582 (2d ed. 1995)). Similarly, a "motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). Neither type of motion permits a losing party to rehash

arguments previously addressed or to present new legal theories or facts that could have been raised earlier. *See Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The party seeking relief from a judgment bears the burden of demonstrating he satisfies the prerequisites for such relief. *Van Skiver v. U.S.*, 952 F.2d 1241, 1243-44 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992).

## **DISCUSSION**

As grounds for petitioner's motion, he argues that he is entitled to a years-later start date to the federal statute of limitations in his case because he was not aware of the factual basis for his ambiguous sentence claim until sometime between 2006 and 2009 and that a remand order by the Kansas Court of Appeals in 2011 somehow restarted the federal statute of limitations for all his sentencing claims. In addition, he argues that this court erred in finding his petition was untimely because he was entitled to additional statutory tolling

3

due to the pendency of his state post-conviction motions.

The court initially notes that the arguments raised in this post-judgment motion are ones that either were already made and rejected or could have been made prior to entry of judgment. As a result, they are generally not appropriate grounds for relief from judgment. In addition, these arguments have no factual or legal merit.

The court rejects petitioner's claim that he was entitled to a later start date. A prisoner in state custody must file his federal habeas petition "within the one-year limitation period set forth in [28 U.S.C.] § 2244(d)(1)." *Sigala v. Bravo*, 656 F.3d 1125, 1126 (10th Cir. 2011); *see Gonzales v. Thaler*, 132 S.Ct. at 652-53. The one-year period runs from the latest of four dates specified in § 2244(d)(1), which provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by

4

> the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

This court determined the start date for the federal statute of limitations in this case by applying subsection (A) of § 2244(d)(1) and calculating the date upon which the judgment in Mr. May's state criminal case became "final."

Mr. May contends that the start date in his case should have been determined under subsection (D) instead. He argues that subsection (D) should have been used because he did not become aware of the factual predicate for his federal claims until years after the conclusion of direct review. The court finds that petitioner did not prior to judgment and has not in this motion, alleged facts establishing that the date on which the factual predicate for any of his claims could have been discovered was later than the date the state judgment became "final" under subsection (A). Contrary to petitioner's presumption, the date on which he actually discovered the factual predicate for his claim(s) is not the start date under subsection (D). Instead, the start date under subsection (D) is the date on which he "could have discovered" the factual predicate. Petitioner bases this argument on his claim that the

sentencing journal entry was in error and contrary to the judge's pronouncement. However, Mr. May was present at his sentencing in 1984 and thus heard the judge's pronouncement; and the journal entry, which erroneously provided that the sentences were concurrent, was filed of record upon completion of sentencing. Thus the factual predicate for Mr. May's claim that his sentences were rendered ambiguous by the erroneous journal entry could have been discovered in 1984.[3] The facts that Mr. May did not recognize this claim for years and was not advised of the clerical error in the journal entry by his counsel do not establish that the factual predicate for this claim was unavailable until he actually "developed" it years later.

Petitioner also appears to claim entitlement to a years-later start date by virtue of the fact that he filed a motion to correct illegal sentence under K.S.A. 22-3504 in the trial court in November 2009 and was granted some relief on one of his claims in 2011 by the Kansas Court of Appeals (KCA) on collateral appeal.[4] He contends that the KCA's remand order for

---

[3] Mr. May makes no attempt to include allegations indicating that the factual predicate was unavailable for any of his other sentencing claims.

[4] On November 4, 2009, Mr. May filed either his third or fourth state post-conviction motion in Sedgwick County District Court. In this motion "[f]or the first time, May asserted that the sentencing court was silent or unclear regarding whether his sentences were to run concurrent or consecutive to one another." *State v. May*, 255 P.3d 1228 at *1. The state district court summarily dismissed the motion. May appealed to the KCA, which found that the "crux of May's motion is that when the district court orally pronounced his sentences there was ambiguity whether the sentences were to run concurrently or consecutively." *Id*. at *2. The KCA found from the

6

the district court to correct the sentencing journal entry to reflect concurrent sentences "created a new controversy that is cognizable in federal court."[5] However, petitioner's allegations

---

record that the journal entry of sentencing provided: "Said sentences shall run consecutive to each other." *Id.* The KCA held that the lower court erred in failing to "at least review the sentencing hearing transcript" and allowed May to add it to "to the record on appeal." *Id.* at *3. The KCA found from the transcript that "the sentencing judge did not specifically state whether the sentences were to run either concurrently or consecutively," and the transcript was "silent in this regard." *Id.* The KCA further found that the fact that the court did not specify at sentencing whether the sentences were to be served consecutively or concurrently did not make the sentences ambiguous because "K.S.A. 21-4608(a) directs that sentences shall be served concurrently when the record is silent as to the manner in which two or more sentences shall be served." *Id.* They thus reasoned that May's "real claim is that the sentencing journal entry is wrong because it indicates that his sentences were ordered to run consecutively." *Id.* The KCA concluded that the district court was "correct in ruling that the sentences imposed were not ambiguous, and instead were legal sentences that were ordered to run concurrent with each other," and therefore affirmed the denial of May's motion. They also remanded the case with directions "for the district court to correct an apparent clerical error in the sentencing journal entry" and to "file a sentencing journal entry nunc pro tunc to memorialize that the sentencing court imposed concurrent, not consecutive, sentences." *Id.* (citing K.S.A. 22-3504(2)("Clerical mistakes in judgments and errors in the record arising from oversight or omission may be corrected by the court at any time.").

This court is aware of no authority or legal reasoning that would require it to read the KCA's very limited order, directing the lower court to nunc pro tunc the sentencing journal entry to conform to state law, as rendering petitioner's convictions or sentences imposed in 1984 non-final for purposes of § 2244(d)(1)(A) until the remand order was entered, or as resetting the date of the state judgment. *Cf.*, *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009). Surely, the case of *Magwood v. Patterson*, 561 U.S. 320 (2010), does not require such a reading as it was a death penalty case in which the death penalty was imposed afresh after a new sentencing hearing, the "resentencing led to a new judgment," and the petitioner attacked the resentencing. *Id.* at 2796. No new judgment was entered in Mr. May's case.

[5] Even if this claim were construed as timely, it would not be grounds for federal habeas relief. This was petitioner's only successful claim in state court and it was based on state law. A claim based on state law is not cognizable in a federal habeas corpus petition, which must allege a violation of the United States Constitution or federal law. In any event, the journal entry error was corrected, so Mr. May's claim that the entry was contrary to the sentencing pronouncement is moot. That Mr. May was afforded some relief on this state law claim does not override the statutory gatekeeping provisions for federal habeas applications so as to permit federal court review of Mr. May's other challenges to his 1984 sentences, which were rejected by the KCA.

that the "overall sentencing scheme" and "illegal sentencing issues" were remanded seriously overstate the import of the limited action ordered by the KCA. The KCA itself characterized the action required of the lower court as the correction of a clerical error.

Petitioner's allegations of ineffective assistance of appellate counsel and his suggestion that this impeded him in presenting his sentencing issues to the state courts likewise fail to show his entitlement to a later start date under subsection (D).

The court also rejects Mr. May's arguments of error in its findings that this and his prior federal habeas corpus applications were time-barred. The court repeats only those facts that are relevant to Mr. May's motion. In 1984, Mr. May was found guilty by a jury in the District Court of Sedgwick County, Kansas, of two counts of aggravated robbery. *See State v. Ma*y, 296 P.3d 1140, *1, 2013 WL 1010580 (Kan.App. Mar 8, 2013). On September 21, 1984, he was sentenced to prison terms of 10 to 20 years and 15 years to life. He directly appealed, and the Kansas Supreme Court (KSC) affirmed his convictions and sentences on July 18, 1986.[6] *Id*. The statute of limitations

---

[6] Petitioner filed post-conviction motions in the Sedgwick County District Court in 1991 and 1992, which were denied. These motions did not toll the statute of limitations because they were litigated before the limitations period was enacted.

applicable to federal habeas corpus petitions, 28 U.S.C. § 2244(d)(1), was enacted on April 24, 1996. On this date, Mr. May's state convictions and sentences had been affirmed a decade ago and he had no state post-conviction motion pending. This court held herein, in accord with current Tenth Circuit precedent, that the statute of limitations began running in Mr. May's case on April 24, 1996. *See Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998). Mr. May had no state post-conviction motion pending between April 24, 1996 and April 24, 1997. He has alleged no facts establishing that he is entitled to any additional statutory tolling or to equitable tolling during this particular one-year period. It follows that any federal habeas application filed by Mr. May after April 24, 1997, was time-barred. The application in the instant case was filed on September 23, 2013, sixteen years after the statute of limitations expired. Mr. May's 2009 federal application was filed over twelve years after the statute of limitations expired.[7] It is clear from these facts that the finding in

---

[7] Mr. May's first federal application was filed in December 2009. *May v. State of Kansas*, Case No. 09-3281-SAC (D.Kan. Mar. 31, 2010). After Mr. May was notified therein that his challenges to his 1984 state convictions and sentences were subject to dismissal as time-barred, he filed a motion to stay in which he revealed that he had yet another action pending in state court. The motion to stay was properly denied for reasons including that his ability to file a federal habeas corpus petition in the future would not be negatively impacted by the dismissal since "the statute of limitations has already expired in (his) case." Mr. May did not appeal that dismissal. His argument in the instant post-judgment motion that this court acted without jurisdiction to dismiss his 2009 application because he had a state action pending has no legal merit. The fact that Mr. May filed and persisted in

9

petitioner's prior federal habeas case that his 2009 application was time-barred and the findings in this case that his application was time-barred and successive were not erroneous.

Petitioner has not alleged facts showing that he is entitled to any additional statutory tolling under § 2244(d)(2) due to the pendency of a pertinent and properly-filed state post-judgment motion. The flaw in all of petitioner's arguments based on this provision is that none of his post-judgment motions was filed or pending during the 365-day period the federal statute of limitations was running, namely from April 24, 1996 through April 24, 1997.[8]

Also on the basis of the arguments in his motion, petitioner objects to the dismissal of his federal application as successive. When petitioner submitted his 2013 application he stated that it was successive.[9] This court correctly found that petitioner's 2009 application was time-barred, and petitioner does not present facts or legal argument showing that the instant application was not successive. Even if this

---

litigating a federal habeas corpus action at the same time that he had a state post-conviction motion pending did not divest this court of jurisdiction to dismiss his 2009 federal habeas corpus application as time-barred. Mr. May did not "prematurely" file in 2009 as he "admits." Instead, his filing was years late.

[8] For example, petitioner's 2009 state motion had no tolling effect whatsoever because it was filed over a decade after the limitations period had already expired.

[9] Petitioner failed to reveal in his application that he had also submitted a request to the Tenth Circuit Court of Appeals for authorization to file this successive application. That request was recently denied and reference was made to this Rule 52(b) motion.

application were not considered successive, it is clearly time-barred and was correctly dismissed on that basis.

Petitioner's remaining allegations in his motion, including any assertion of manifest injustice, are nothing more than a rehash of his arguments on the merits of his claims or completely conclusory statements.

In sum, petitioner has not shown his entitlement to a different start date or to either statutory or equitable tolling during the crucial time period; and has not alleged any facts showing actual innocence, misconduct by an adversary, or other uncontrollable circumstances that prevented him from filing his federal petition before the statute of limitations expired. The court concludes that petitioner has not established that the court made manifest errors of law or fact requiring amendment of the findings or judgment in this case.

To the extent it may be required, the court finds that petitioner has not made "a substantial showing of the denial of a constitutional right," and that a certificate of appealability under 28 U.S.C. § 2253(c)(2) is denied as a result.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Alter Findings of Fact pursuant to Rule 52(b) (Doc. 9) and his Amended Motion to Alter Findings (Doc. 10) are denied.

**IT IS FURTHER ORDERED** that the court denies a certificate of appealability in this case.

**IT IS SO ORDERED.**

Dated this 18th day of December, 2013, at Topeka, Kansas.

                                        **s/Sam A. Crow**
                                        **U.S. Senior District Judge**